## SOMERSET HOSPITAL CENTER FOR HEALTH, Appellee,

v.

## Anthony J. GIAMPOLO, M.D., Appellant.

Superior Court of Pennsylvania.

Argued April 15, 1998.

Filed Aug. 4, 1998.

Alan E. Cech, Wexford, for appellant.

Daniel W. Rullo, Somerset, for appellee.

Before DEL SOLE, TAMILIA and EAKIN, JJ.

TAMILIA, Judge:

Appellant, Anthony J. Giampolo, M.D., challenges the Order of June 23, 1997, whereby the trial court granted the motion of appellee, Somerset Hospital Center for Health, and directed the Prothonotary of Somerset County to liquidate the certificate of deposit which appellant had posted as security for his prior unsuccessful appeals. Giampolo maintains the trial court had the authority to delay liquidation of the certificate of deposit and also claims the trial court acknowledged the unfairness of forcing him to incur liquidation penalties for early withdrawal. Accordingly, appellant argues the trial court abused its discretion by refusing to delay liquidation of the certificate of deposit.

On November 13, 1995, a jury entered a directed verdict in favor of Somerset Hospital in the amount of $209,688.60. Appellant filed a motion for post-trial relief, which was denied by the court. He then posted security in the form of a six (6) month certificate of deposit in order to obtain a supersedeas of the judgment pending appeal.

This Court affirmed the judgment of the Court of Common Pleas on December 17, 1996 and the certificate of deposit was subsequently renewed. Thereafter, on June 10, 1997 the Supreme Court of Pennsylvania denied appellant's petition for allowance of appeal. *Somerset Hospital Center for Health v. Anthony J. Giampolo, M.D.*, 697 A.2d 284 (Pa.Super.1996) (unpublished memorandum) *appeal denied,* 548 Pa. 682, 699 A.2d 736 (1997).

Somerset Hospital's motion for release of security was granted by the trial court on June 23, 1997. Appellant filed a timely notice of appeal, however, Somerset Hospital subsequently acknowledged receipt of the amount due and on June 30, 1997 filed a praecipe and power of attorney for satisfaction of the award. It then filed a motion to quash this appeal, which was denied on Sep-

matter will be addressed in a Memorandum Opinion regarding that case.

tember 5, 1997 without prejudice to appellee's right to renew the motion at the time of argument or submission of the appeal. Accordingly, the motion was renewed by Somerset Hospital. *See* Appellee's Brief at 5, 10.

On appeal, Giampolo argues the trial court abused its discretion by refusing to delay liquidation of the certificate of deposit. He failed to seek a stay or supersedeas of the Order of June 23, 1997, however, and the jury's award has been satisfied. Appellant already has incurred the liquidation penalty of which he complains and he has filed no pleadings asserting a claim against Somerset Hospital. As a result, this Court finds appellant's claims to be moot.

Somerset Hospital's request for attorney fees is denied.

Appeal quashed as moot.

Jurisdiction relinquished.